IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
4:12-CR-18-D-3

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | **ORDER OF DETENTION PENDING TRIAL** |
| | ) | |
| ARECELI ZEPEDA-JIMENEZ, | ) | |
| | ) | |
| Defendant. | ) | |

This case came before the court today for continuation of the hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial. The initial session of the hearing was held on 7 August 2012. Today's session was held on defendant's motion to enable him to arrange for presentation of the testimony of an additional proposed third-party custodian.

At the hearing, the government presented the testimony of an agent with a task force of the Drug Enforcement Administration. The defendant presented the testimony of three proposed third-party custodians: his father, his sister, and a friend of the family. The court also reviewed the pretrial services report. After careful consideration pursuant to 18 U.S.C. § 3142(g) of the credible information and argument submitted, and based on the findings and reasons stated below and in open court, the court finds by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the appearance of defendant as required if she is released. The government's motion is therefore GRANTED.

## Background

Defendant was charged in count three of a three-count indictment on 13 June 2012 with possession with the intent to distribute 500 grams or more of cocaine on 14 November 2011, and

aiding and abetting the same, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. The evidence presented at the hearing showed that the charges arise from defendant's driving a co-defendant, Jesus Torres Portillo in a Tahoe registered in her name to the location specified by an undercover officer for a controlled purchase of cocaine. The vehicle contained on the floorboards behind the driver's seat a grocery bag containing three kilograms of cocaine. Over the course of an hour, the co-defendant repeatedly changed the location for the purchase because he believed he kept seeing unmarked police cars in the area where he was driving.

## Discussion

Given the nature of the charges, the rebuttable presumption of detention in 18 U.S.C. § 3142(e)(3) applies, and the court has considered it, although defendant proffered sufficient evidence to shift the burden of production to the government. In addition to the presumption, the principal findings and reasons underlying the court's determination that detention is required include the following: evidence showing that the government has sufficient evidence to obtain a conviction, including the evidence reviewed above; the drug-related nature of the offense charged; the circumstances of the offense charged, including the substantial amount of cocaine involved and the substantial prison term defendant faces if convicted; defendant's status as an illegal alien subject to deportation; the unsuitability of the proposed third-party custodial arrangements due to the extent of the risk of flight presented by defendant and the mixed motivations the proposed custodians would have with respect to reporting violations by defendant (in part, because she has three minor daughters); and the other findings and reasons stated in open court.

The court considered evidence offered as mitigating. For example, defendant argues that there is insufficient evidence showing that she knew the cocaine was in the Tahoe. But the

cocaine was in plain view on the back floorboards and defendant had to have overheard the co-defendant passenger's discussions on the cellular telephone regarding the change in the destination. This evidence is sufficient to enable a jury to reasonably conclude that defendant did have knowledge of the cocaine. In addition, defendant does not have a criminal record. Reflecting this fact, among other evidence, the court did not base its ruling on dangerousness. The evidence offered as mitigating is insufficient to offset the evidence favoring detention.

## Conclusion

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 9th day of August 2012.

_____
James E. Gates
United States Magistrate Judge